Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| IDA SERVICE STATION, CRL<br><br>Apelante<br><br>v.<br><br>OMAR SERVICE STATION, CORP. Y OTROS<br><br>Apelados | KLAN202400775 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Civil Núm.: LJ2023CV00021<br><br>Sobre: Interdicto Estatutario al Amparo de la Ley Núm. 161-2009 y Ley Núm. 3 |

Panel integrado por su presidente, el Juez Figueroa Cabán, la Jueza Grana Martínez y el Juez Rodríguez Flores

Rodríguez Flores, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 12 de febrero de 2025.

Comparece Ida Service Station, CRL (en adelante, Ida Service) y solicita que revoquemos la *Sentencia* emitida y notificada el 5 de febrero de 2024, por el Tribunal de Primera Instancia (en adelante, TPI), Sala Superior de Mayagüez. Mediante el referido dictamen, el TPI desestimó sin perjuicio la demanda presentada por Ida Service, por ésta no haber diligenciado los emplazamientos en el término dispuesto en la Regla 4.3 (c) de Procedimiento Civil, *infra.*

Examinado el escrito de apelación, la totalidad del expediente, y el estado de derecho aplicable a la controversia ante nuestra consideración, resolvemos revocar la sentencia apelada.

**I.**

La controversia planteada es de naturaleza procesal y, sucintamente, queda enmarcada en los siguientes hechos. El 31 de enero de 2023, Ida Service presentó una acción sobre Interdicto Estatutario al amparo del Art. 14.1 de la Ley Núm. 161-2009, conocida como la *Ley para la Reforma del Proceso de Permisos de*

*Puerto Rico,* 23 LPRA sec. 9024, contra Omar Service Station, Corp. (en adelante, Omar Service) y otros codemandados.

El 13 de febrero de 2023, Ida Service presentó una moción solicitando la expedición de los emplazamientos, acompañada con los correspondientes proyectos de emplazamientos. El 21 de febrero de 2023, la Secretaría del foro primario expidió los emplazamientos, para ser diligenciados a los codemandados.

Ocho días después, el 1 de marzo de 2023, el TPI desestimó la demanda con perjuicio, fundamentado en la falta de legitimación activa de Ida Service para promover el litigio. En desacuerdo con dicha determinación, el 31 de marzo de 2023, Ida Service impugnó la decisión ante este Tribunal de Apelaciones. Mediante sentencia emitida el 8 de junio de 2023, este foro apelativo intermedio revocó la desestimación decretada por el TPI - restituyendo la causa de acción - y devolvió el caso al tribunal primario para la continuación de los procedimientos.[1] El 18 de agosto de 2023, el Tribunal de Apelaciones notificó al TPI carta de trámite sobre mandato.

Devuelto el asunto ante el foro de primera instancia, el 8 de septiembre de 2023, Ida Service solicitó la expedición de nuevos emplazamientos. La Secretaría del TPI expidió los emplazamientos el 13 de septiembre de 2023. Éstos fueron diligenciados sobre la Sucesión Torres Maldonado, por conducto de Ruth Torres, el 20 de octubre de 2023; y sobre los codemandados Omar Service y Firas Adnan Hamad, el 6 de diciembre de 2023.

El 2 de enero de 2024, los mencionados codemandados, sin someterse a la jurisdicción del tribunal, presentaron una *Desestimación [por] falta de jurisdicción sobre la persona.* Adujeron que procedía la desestimación del pleito porque los emplazamientos se habían diligenciado transcurrido el término de 120 días desde su

---

[1] Véase, KLAN202300264, resuelto el 8 de junio de 2023.

expedición, en contravención a lo provisto en la Regla 4.3 (c) de Procedimiento Civil, *infra.* Para ello, consideraron como punto de partida el 22 de junio de 2023, fecha en que venció el término de ciento veinte (120) días para diligenciar los primeros emplazamientos. Puntualizaron que la sentencia desestimatoria del 1 de marzo de 2023 se basó en la falta de legitimación activa y no en algún asunto relacionado con la validez o suficiencia de los emplazamientos. Por ello, argumentaron que, a tenor con la Regla 52.3 de Procedimiento Civil, 32 LPRA Ap. V -que establece que la presentación de un recurso de apelación suspende los procedimientos en el tribunal inferior solamente respecto a las cuestiones comprendidas en la sentencia de la cual se apela- el escrito de apelación presentado el 31 de marzo de 2023, respecto a dicha sentencia desestimatoria, no había suspendido el término para diligenciar los primeros emplazamientos. Por consiguiente, arguyeron que los diligenciamientos efectuados con posterioridad al 22 de junio de 2023 resultaban inoficiosos. Aseveraron, además, que la actuación del TPI de expedir nuevos emplazamientos tuvo el efecto de conferir una prórroga indebida al término para emplazar. Por último, indicaron que, por tratarse de una segunda desestimación del mismo reclamo, solicitaron que ésta fuera con perjuicio.[2]

El 22 de enero de 2024, Ida Service presentó su *Oposición a Desestimación.* Explicó que la sentencia objeto del recurso de apelación había decretado la desestimación con perjuicio de la totalidad del pleito, no subsistiendo controversia alguna pendiente de adjudicar y sujeta a ser modificada mediante un emplazamiento.

---

[2] Ida Service había presentado el mismo reclamo en el caso civil núm. LJ2022CV00002. En esa ocasión, el TPI desestimó la causa de acción por falta de legitimación activa de Ida Service. Ésta recurrió ante este tribunal intermedio que decidió desestimar el recurso por falta de jurisdicción, por no haberse notificado su presentación al TPI dentro de las 72 horas que señala la Regla 14 (B) del Reglamento de este Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 14 (B). Véase, KLAN202200767, resuelto el 16 de noviembre de 2022.

Ida Service expuso que hasta tanto el Tribunal de Apelaciones resolviera la apelación, y el TPI recibiera el mandato y readquiriera jurisdicción sobre el asunto, no se podía continuar con los procedimientos del caso, incluidos los trámites para emplazar y adquirir jurisdicción sobre la persona de los demandados. En atención a dicho aspecto jurisdiccional, explicó que solicitó al TPI que expidiera los nuevos emplazamientos luego de que el Tribunal de Apelaciones notificara la carta de trámite sobre mandato al TPI. Añadió que esos nuevos emplazamientos fueron expedidos y oportunamente diligenciados. A tenor con lo anterior, solicitó que se denegara la solicitud de desestimación y se prosiguiera con la continuación de los procedimientos del caso.

El 5 de febrero de 2024, el TPI dictó *Sentencia.* En ésta, desestimó sin perjuicio la demanda por incumplimiento con la Regla 4.3 (c) de Procedimiento Civil, *supra.* Concluyó que el término de ciento veinte (120) días es uno improrrogable, que comenzó a transcurrir a partir del 22 de febrero de 2023, y venció el 22 de junio de 2023, no quedando paralizado con la presentación del recurso de apelación. A la luz de lo expuesto, el TPI concluyó que los emplazamientos diligenciados luego del 22 de junio de 2023 se habían efectuado expirado el término improrrogable de ciento veinte (120) días. El foro primario explicó que hubiera llegado al mismo resultado aun si se considerara como un periodo de suspensión al plazo de ciento veinte (120) días el tiempo transcurrido entre el 31 de marzo de 2023 (fecha en que se presentó la apelación) y el 18 de agosto de 2023, cuando el Tribunal de Apelaciones remitió el mandato.

De tal forma, el TPI coligió que, al autorizar la expedición de nuevos emplazamientos, actuó en contravención a la norma procesal concediendo una prórroga indebida al término establecido para su diligenciamiento. Así, resolvió que no adquirió jurisdicción

sobre las partes emplazadas mediante el diligenciamiento de los emplazamientos expedidos el 13 de septiembre de 2023.

Insatisfecha, el 20 de febrero de 2024, Ida Service presentó una *Solicitud de Reconsideración y de Inhibición*. Mediante resolución emitida el 25 de marzo de 2024, y notificada el 2 de abril de 2024, el TPI declaró sin lugar la solicitud de inhibición, por ésta incumplir con las formalidades establecidas en la Regla 63 de Procedimiento Civil, 32 LPRA Ap. V, R. 63. Respecto al otro planteamiento, el TPI determinó que "[e]l asunto sobre reconsideración debe tramitarse de manera separada y para que pueda ser atendido por el Tribunal".[3]

Tras haber culminado un primer trámite apelativo relacionado con la anterior resolución[4], el 17 de julio de 2024 el TPI denegó la moción de reconsideración de Ida Service.

En desacuerdo, el 16 de agosto de 2024, Ida Service acudió ante nos y planteó los siguientes señalamientos de error:

> PRIMER ERROR: Erró el Tribunal de Primera Instancia al desestimar el pleito de autos sin perjuicio, bajo la Regla 4 de Procedimiento Civil, sustentando erróneamente su determinación, incluso cuando el Tribunal ordenó la expedición de nuevos emplazamientos tras haber desestimado inmeritoriamente la acción y que el Tribunal de Apelaciones revocara la decisión. No hay prohibición de expedir nuevos emplazamientos aplicables a este caso.
>
> SEGUNDO ERROR: Erró el Tribunal de Primera Instancia al declarar sin lugar la moción de reconsideración, oportuna, meritoria en sus argumentos bien fundamentados y que cumplió con toda formalidad exigida en la Regla 47 de Procedimiento Civil.
>
> TERCER ERROR: Erró el Tribunal de Primera Instancia al decretar una desestimación, a pesar de que no se incumplió con el plazo de 120 días dispuesto en la Regla 4.3 de Procedimiento Civil para diligenciar emplazamientos desde la fecha de su expedición, porque no transcurrieron 120 días desde la expedición

---

[3] Véase, *Resolución Solicitud de Recusación,* apéndice del recurso, págs. 2-3.
[4] El 5 de abril de 2024, Ida Service acudió ante este Tribunal de Apelaciones impugnando la determinación notificada 2 de abril de 2024, mediante el recurso de apelación KLAN202400331. El 26 de abril de 2024, este Foro dictó sentencia y desestimó el recurso por prematuro, por no haberse resuelto aún la reconsideración.

de los emplazamientos por parte de la Secretaría hasta su diligenciamiento a los demandados.

CUARTO ERROR: Erró el Tribunal de Primera Instancia al no inhibirse del pleito; y al indicar que no se permite la presentación de una reconsideración con una inhibición, sin proveer fundamento jurídico aplicable que lo proscriba.

## II.

### A.

En *Colón y otros v. Frito Lays*, 186 DPR 135 (2012), el Tribunal Supremo expresó lo siguiente en cuanto al efecto de la presentación de recursos ante los tribunales apelativos:

> El sistema judicial de Puerto Rico constituye un solo distrito judicial para fines jurisdiccionales. Con el propósito de hacer viable su buen funcionamiento se ha delimitado la autoridad de los tribunales para resolver los casos o controversias, asignándole competencias a cada uno de los distintos niveles que componen el Tribunal General de Justicia. De este modo, los foros de primera instancia ejercen una competencia general y los otros dos estratos superiores, es decir, el Tribunal de Apelaciones y este Tribunal, ejercen una competencia apelativa. (…).
>
> Según está estructurado dicho sistema judicial, si una de las partes de un caso no está conforme con las determinaciones, ya sea del Tribunal de Primera Instancia o del Tribunal de Apelaciones, tiene la oportunidad de que dicho dictamen lo revise el correspondiente foro de jerarquía superior. En cuanto a lo anterior, es preciso señalar que, como explicamos en detalle más adelante, **el efecto de ese recurso en la autoridad del tribunal recurrido para continuar con los procedimientos dependerá de su naturaleza. Según el tipo de recurso interpuesto, puede sobrevenir, ya sea la suspensión automática de los procedimientos en el tribunal inferior o éstos continuarán hasta tanto el foro en alzada determine lo contrario**. (Citas omitidas). *Íd.*, págs. 145-146. (Énfasis suplido).

El recurso apropiado para revisar una sentencia final emitida por el Tribunal de Primera Instancia es el de apelación. 4 LPRA sec. 24y. Con respecto al efecto de la presentación de un recurso de apelación, tanto la Regla 52.3 (a) de Procedimiento Civil, 32 LPRA Ap. V, R. 52.3 (a), como la Regla 18 (A) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 18 (A), establecen que, **una vez se presenta una apelación, quedan suspendidos todos los**

**procesos ante los tribunales inferiores**, en lo atinente a la sentencia o al asunto comprendido en ella del cual se apela. *Íd.*, págs. 146-148. Lo anterior, salvo que el foro apelativo disponga lo contrario o cuando se trate de la venta de bienes susceptibles de pérdida o deterioro, de una orden de *injunction, mandamus* o de hacer o desistir*,* de una orden de pago de alimentos, o de una orden sobre custodia o relaciones filiales. *Íd.*

Luego de paralizados los procesos en el foro primario por razón de la presentación de la apelación, éste pierde su facultad para atender las controversias planteadas en alzada y no vuelve a adquirir jurisdicción sobre ellas hasta tanto el tribunal revisor le remita el mandato correspondiente. *Íd.,* pág. 154.

De ahí que el mandato se ha definido como el medio que posee un tribunal en alzada de comunicarle a un tribunal inferior qué determinación ha tomado sobre la sentencia objeto de revisión y ordenarle actuar en conformidad con la misma. *Íd.,* 151. Dicho de otra forma, el mandato es lo que le devuelve la autoridad al tribunal sujeto a revisión para actuar según lo dispuesto por el tribunal de mayor jerarquía. *Íd.,* pág. 154. Esto tiene el efecto ineludible de anular toda actuación que lleve a cabo el foro revisado, luego de que los asuntos se hayan paralizado y previo a recibir el mandato. *Íd.*

Por consiguiente, el mandato guarda una función dual que impacta la jurisdicción del tribunal de menor jerarquía. Primeramente, le reviste nuevamente con autoridad sobre el caso, a la vez que le permite disponer de este conforme a las directrices impartidas por la resolución o sentencia concernida. *Íd.,* pág. 155.

**B.**

La Regla 52.3 (a) de las Reglas de Procedimiento Civil, *supra,* y la Regla 18 (A) del Reglamento del Tribunal de Apelaciones, parten de la premisa de que los dictámenes que revisa un tribunal apelativo, de ordinario, son el resultado de una contienda entre

personas sobre las cuales el tribunal adquirió jurisdicción. *Acosta v. ABC, Inc.,* 142 DPR 927 930 (1997). Es decir, el concepto *parte* va enlazado al de jurisdicción sobre la persona. *Medina v. Medina,* 161 DPR 806, 816 (2004). Así pues, para que una persona sea considerada *parte* de un pleito es necesario que sobre dicha persona se haya adquirido jurisdicción. Ello ocurre mediante el diligenciamiento del emplazamiento.

El emplazamiento es el mecanismo procesal a través del cual se le informa a la parte demandada que se presentó una acción judicial en su contra y es a través de este mecanismo que el tribunal adquiere jurisdicción sobre la persona del demandado. *Pérez Quiles v. Santiago Cintrón,* 206 DPR 379, 384; *Rivera Marrero v. Santiago Martínez,* 203 DPR 462, 480 (2019); *Bernier González v. Rodríguez Becerra,* 200 DPR 637, 644 (2018). Por tal razón, el Tribunal Supremo consistentemente ha señalado que la falta de diligenciamiento del emplazamiento priva al tribunal de jurisdicción sobre la persona e invalida cualquier sentencia en su contra. *Rivera Marrero v. Santiago Martínez,* supra, pág. 483. No es hasta que se diligencia el emplazamiento y se adquiere jurisdicción, que la persona puede ser considerada propiamente *parte,* aunque haya sido nombrada en el epígrafe de la demanda, hasta ese momento sólo es parte nominal. *Medina v. Medina,* supra, pág. 823; *Sánchez Rivera v. Malavé Rivera,* 192 DPR 854, 869-870 (2015); *Acosta v. ABC, Inc.,* supra, pág. 931. Por ello, es importante que el emplazamiento se lleve a cabo conforme a derecho. *Ross Valedón v. Hosp. Dr. Susoni et al.,* 213 DPR 481, ___ (2024), 2024 TSPR 10, opinión del 7 de febrero de 2024.

En nuestro ordenamiento jurídico, la figura del emplazamiento está regulada en la Regla 4 de Procedimiento Civil, 32 LPRA Ap. V, R. 4, y los requisitos que impone la regla son de estricto cumplimiento. *SLG Rivera-Pérez v. SLG Díaz-Doe,* 207 DPR

636, 647 (2021). En lo atinente, la Regla 4.3 (c) de Procedimiento Civil dispone lo siguiente:

> El emplazamiento será diligenciado en el término de ciento veinte (120) días a partir de la presentación de la demanda o de la fecha de expedición del emplazamiento por edicto. El Secretario o Secretaria deberá expedir los emplazamientos el mismo día en que se presenta la demanda. Si el Secretario o Secretaria no los expide el mismo día, el tiempo que demore será el mismo tiempo adicional que los tribunales otorgarán para diligenciar los emplazamientos una vez la parte demandante haya presentado de forma oportuna una solicitud de prórroga. Transcurrido dicho término sin que se haya diligenciado el emplazamiento, el tribunal deberá dictar sentencia decretando la desestimación y archivo sin perjuicio. Una subsiguiente desestimación y archivo por incumplimiento con el término aquí dispuesto tendrá el efecto de una adjudicación en los méritos.

En *Bernier González v. Rodríguez Becerra,* supra, el Tribunal Supremo estableció que el plazo de ciento veinte (120) días para emplazar es improrrogable; por tanto, si dentro de dicho término el demandante no ha podido diligenciar el emplazamiento, automáticamente se desestimará su causa de acción. Esto es, la Regla 4.3(c) de Procedimiento Civil, *supra,* no provee discreción al tribunal para extender el término para diligenciar el emplazamiento. *Íd.*, pág. 648.

A su vez, el Tribunal Supremo indicó que el término de ciento veinte (120) días comienza a transcurrir únicamente en el momento en que la Secretaría del tribunal de instancia expide los emplazamientos. También, puntualizó que la "moción de prórroga" estatuida en la regla es realmente una solicitud del demandante para que la Secretaría expida los emplazamientos en los casos en que exista un retraso irrazonable en su expedición. Por tanto, subrayó que la "moción de prórroga" a la que alude la Regla 4.3 (c) de Procedimiento Civil, *supra,* no se refiere a una solicitud para ampliar el término de ciento veinte (120) días. *Íd.,* pág. 650.

Subsiguientemente, en *Sánchez Ruiz v. Higuera Pérez et al.,* 203 DPR 982 (2020), el Tribunal Supremo examinó qué sucede con

el término de ciento veinte (120) días cuando el demandante solicita inicialmente emplazar personalmente, pero luego solicita la autorización del tribunal para emplazar por edictos. Al respecto, se resolvió que, ante una autorización judicial para emplazar por edictos, el demandante tiene un nuevo término de ciento veinte (120) días para diligenciarlos. "Esto se debe a que el emplazamiento por edicto constituye un nuevo emplazamiento, distinto al emplazamiento personal que se expide automáticamente con la presentación de la demanda". *Íd.,* pág. 994. Este nuevo término de ciento veinte (120) días para emplazar por edictos, estará condicionado a que el demandante inicialmente solicite el emplazamiento mediante entrega personal, requiera el emplazamiento por edictos antes de vencer el plazo original de ciento veinte (120) días para diligenciar el emplazamiento personal y acredite detalladamente – con hechos específicos – la imposibilidad de realizar el mencionado emplazamiento mediante entrega personal. *Íd.,* pág. 988.

Más adelante, en *Pérez Quiles v. Santiago Cintrón,* supra, el Tribunal Supremo reiteró que, cuando la demanda y los emplazamientos son radicados simultáneamente y la Secretaría del TPI no expide los emplazamientos el mismo día en que se presentó la demanda, pero luego *motu proprio* los expide, el término de ciento veinte (120) días para diligenciar los mismos comienzan a decursar a la fecha en que la Secretaría del TPI los expida.

Por último, en *Ross Valedón v. Hosp. Dr. Susoni et al.,* supra, el Tribunal Supremo interpretó la segunda parte de la Regla 4.3 (c) de Procedimiento Civil, *supra,* la cual establece el efecto dispositivo que tendrá en la demanda presentada la falta de diligenciamiento de los emplazamientos dentro del plazo establecido. Así, pautó que, ante un primer incumplimiento con el término de ciento veinte (120) días para diligenciar los emplazamientos, los tribunales están

obligados a intervenir y dictar prontamente una sentencia desestimando y archivando sin perjuicio la reclamación judicial. A su vez, declaró que el desistimiento sin perjuicio no está disponible para aquella parte que falló en diligenciar los emplazamientos dentro del plazo de ciento veinte (120) días dispuesto en la Regla 4.3 (c) de Procedimiento Civil, *supra*. Ello pues, porque permitir el desistimiento sin perjuicio en aquellos casos en lo que se ha incumplido con el término para diligenciar el emplazamiento podría dar paso a que en el supuesto de que se presente una segunda reclamación sobre los mismos hechos y se incumpla nuevamente con la Regla 4.3 (c) de Procedimiento Civil, *supra,* tal desestimación no sea una con perjuicio, ya que el pelito original no fue desestimado, sino que fue desistido sin perjuicio.[5]

También anotamos la distinción pautada en *Martajeva v. Ferré Morris y otros,* 210 DPR 612 (2022). Allí, el Tribunal Supremo resolvió que cuando el tribunal decreta la suspensión de los procedimientos por razón de que le exige a un demandante no residente prestar la fianza requerida por la Regla 69.5 de Procedimiento Civil, 32 LPRA Ap. V, R. 69.5, el término de ciento veinte (120) días para diligenciar el emplazamiento dispuesto en la Regla 4.3 (c) de Procedimiento Civil, *supra,* si aún no ha transcurrido, queda en pausa hasta que se reanuden los procesos, una vez se preste la fianza. El efecto es que ese término se detiene con los días que hayan transcurrido y, una vez se deje sin efecto la suspensión de los procedimientos, el término continúa su decurso desde donde se quedó cuando ocurrió la suspensión. *Íd.*, pág. 658.

---

[5] Por otro lado, en *Ross Valedón* el Tribunal Supremo dispuso que cuando la reclamación judicial se archiva sin perjuicio debido al incumplimiento con el término para diligenciar el emplazamiento dispuesto en la Regla 4.3 (c) de Procedimiento Civil, *supra,* el término prescriptivo para incoar la reclamación judicial comenzará a decursar nuevamente cuando tal determinación advenga final y firme.

**III.**

Nos corresponde determinar si el diligenciamiento del emplazamiento a los codemandados se realizó dentro del término dispuesto en la Regla 4.3 (c) de Procedimiento Civil, *supra.* Con ese fin, discutiremos en conjunto los primeros tres señalamientos de error.

Según expuesto, la demanda de este caso se presentó el el 31 de enero de 2023, y los emplazamientos fueron expedidos por la Secretaría del foro primario el 21 de febrero de 2023. Partiendo de esa fecha, el plazo de ciento veinte (120) días para diligenciar dichos emplazamientos vencía el 22 de junio de 2023.

No obstante, el 1 de marzo de 2023 -esto fue, ocho días después de haberse expedido los emplazamientos- **el TPI dictó sentencia desestimando la totalidad de la causa judicial**. Con ello, no quedó controversia pendiente de adjudicar.

Así las cosas, y en desacuerdo con la sentencia desestimatoria, el 31 de marzo de 2023, Ida Service presentó un recurso de apelación ante este foro intermedio. Conforme a la norma jurídica esbozada, la presentación de ese recurso privó al foro revisado de la autoridad para atender el caso hasta tanto recuperara su jurisdicción a través del correspondiente mandato. Esto significa que toda actuación realizada por dicho foro- incluyendo el asunto procesal de adquirir jurisdicción sobre la persona de los demandados- luego de paralizados los procedimientos y previo a recibir el mandato, hubiera resultado nula.[6] Por ende, el TPI necesariamente tenía que esperar a recibir el mandato del Tribunal de Apelaciones para retomar jurisdicción en el caso y continuar con los procedimientos. De ahí que, aunque la parte demandante

---

[6] Así lo reconoció el TPI en la resolución dictada el 17 de julio de 2023, en respuesta a una moción mediante la cual -pendiente de resolverse la apelación- se peticionó la expedición de nuevos emplazamientos, al disponer "[n]ada que proveer. En espera de recibir el mandato". Apéndice del recurso, pág. 103.

hubiera diligenciado los primeros emplazamientos dentro de los ciento veinte (120) días de éstos haber sido expedidos, el TPI no hubiera podido adquirir jurisdicción sobre la persona de la parte demandada. Reiteramos que la presentación del recurso de apelación privó al foro revisado de la autoridad para atender el caso hasta tanto recuperara su jurisdicción a través del correspondiente mandato.

El Tribunal de Apelaciones notificó al TPI la carta de trámite sobre mandato el 18 de agosto de 2023. Ese mandamiento **restituyó la causa de acción** y devolvió el caso al tribunal primario para la continuación de los procedimientos. Al haberse reinstalado la demanda, el curso procesal del caso requería que la parte demandante trajera al pleito a la parte demandada mediante el diligenciamiento de los emplazamientos, No obstante, como mencionamos, para el 18 de agosto de 2023 -fecha en que se notificó el mandato al TPI- ya había vencido el término de ciento veinte (120) días para diligenciar los primeros emplazamientos que fueron expedidos el 21 de febrero de 2023.

Debido a lo anterior, una vez reestablecida la causa de acción, el 8 de septiembre de 2023 Ida Service solicitó al TPI la expedición de nuevos emplazamientos para ser diligenciados en la persona de los demandados. El TPI autorizó y expidió los emplazamientos el 13 de septiembre de 2023. Éstos fueron diligenciados sobre la Sucesión Torres Maldonado, por conducto de Ruth Torres, el 20 de octubre de 2023; y sobre los codemandados Omar Service y Firas Adnan Hamad, el 6 de diciembre de 2023. Como se observa, estos nuevos emplazamientos fueron diligenciados dentro del plazo de ciento veinte (120) días de haber sido expedidos por la Secretaría del TPI.

Empero, posteriormente, el TPI acogió el planteamiento de desestimación de la parte demandada y, el 5 de febrero de 2024, dictó sentencia desestimando sin perjuicio la demanda por

incumplimiento con la Regla 4.3 (c) de Procedimiento Civil, *supra.* El TPI razonó que el término de ciento veinte (120) días es uno improrrogable, por lo cual, la presentación del recurso de apelación no había paralizado el decurso del referido plazo, habiendo éste vencido el 22 de junio de 2023. Por ello, concluyó que los emplazamientos diligenciados con posterioridad al 22 de junio de 2023 se habían efectuado expirado el término improrrogable de ciento veinte (120) días. Así, resolvió que no adquirió jurisdicción sobre las partes emplazadas mediante el diligenciamiento de los nuevos emplazamientos expedidos el 13 de septiembre de 2023. El TPI incidió al llegar a esa conclusión.

Ciertamente, para la fecha en que se remitió el mandato, ya había expirado el término de ciento veinte (120) días disponible para diligenciar los primeros emplazamientos expedidos el 21 de febrero de 2023. Sin embargo, cuando el término para emplazar los primeros emplazamientos venció -lo que ocurrió el 22 de junio de 2023- el TPI no tenía asunto alguno pendiente ante su consideración y, al mismo tiempo, por motivo de la apelación presentada, carecía de autoridad para proseguir con los procedimientos del caso, incluidos aquellos dirigidos a que dicho foro pudiese adquirir jurisdicción sobre la persona de los demandados.

El plazo para emplazar tampoco se reanudó, ya que no quedó asunto sobre el cual el tribunal revisado retuviese jurisdicción. Por tanto, en forma alguna pudo haber quedado en suspenso término alguno para diligenciar los emplazamientos inicialmente expedidos. Es luego de que el Tribunal de Apelaciones restablece la causa de acción y devuelve el caso al tribunal revisado que éste readquiere jurisdicción sobre el asunto y, con ello, la posibilidad de obtener jurisdicción sobre la persona de los demandados. Para logarlo, el TPI tenía que -como en efecto hizo- expedir nuevos emplazamientos, distintos a aquellos que fueron autorizados con la presentación de

la demanda que, recordemos, fue desestimada por el foro primario en todos sus extremos.

La expedición de nuevos emplazamientos para partes no emplazadas era obligatoria. Nuestro ordenamiento jurídico requiere que se expida y diligencie un emplazamiento por cada persona demandada. También postula que una vez la Secretaría expide el emplazamiento, entonces comienza a transcurrir el término de ciento veinte (120) días para diligenciarlo. De ahí que, la expedición de los nuevos emplazamientos del presente caso no representó la concesión de una prórroga al término para emplazar. Lo que ocurrió fue que, devuelta la jurisdicción al TPI mediante el mandato, era necesario que dicho foro expidiera los nuevos emplazamientos para que comenzara a transcurrir ese término de ciento veinte (120) días.

El TPI expidió los nuevos emplazamientos el 13 de septiembre de 2023. Éstos fueron diligenciados sobre la Sucesión Torres Maldonado, por conducto de Ruth Torres, el 20 de octubre de 2023; y sobre los codemandados Omar Service y Firas Adnan Hamad, el 6 de diciembre de 2023. Claramente, ambos diligenciamientos se efectuaron en el plazo hábil para diligenciarlos; es decir dentro del término improrrogable de ciento veinte (120) días de haber sido expedidos. Siendo así, concluimos que el TPI adquirió jurisdicción sobre la persona de los codemandados, convirtiéndolos propiamente en *partes* del pleito.

En consecuencia, resulta forzoso concluir que incidió el TPI al desestimar la demanda por el fundamento de que transcurrió el término para diligenciar los emplazamientos de la parte demandada. Por consiguiente, se revoca la desestimación decretada por dicho foro y se reinstala la demanda de este caso.

En el cuarto señalamiento de error, Ida Service cuestiona la decisión del TPI de no inhibirse del pleito y resolver que la moción de inhibición incumplió con las formalidades de la Regla 63.2 de

Procedimiento Civil, 32 LPRA Ap. V, R. 63.2, por haberse acumulado con una solicitud de reconsideración.

En primer lugar, la Regla 63.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 63.1, esboza las situaciones en las que un juez deberá inhibirse. Específicamente, el inciso (j) de la Regla 63.1 dispone para la inhibición "por cualquier otra causa que pueda razonablemente arrojar dudas sobre [la] imparcialidad [del juez] para adjudicar o que tienda a minar la confianza pública en el sistema de justicia". 32 LPRA Ap. V, R. 63.1 (j). Por su parte, la Regla 63.2, *supra,* requiere que toda solicitud de recusación sea jurada, que incluya los hechos específicos en los que se fundamenta y la prueba documental y declaraciones juradas en apoyo a la solicitud. La imputación de parcialidad o prejuicio, como fundamento para solicitar la inhibición, solo procede cuando se centra en cuestiones personales serias, no triviales ni judiciales; es decir, debe referirse a una actitud originada extrajudicialmente en situaciones que revistan sustancialidad.[7]

Ciertamente, no hemos encontrado normativa legal alguna que impida la acumulación de una moción de reconsideración con una solicitud de inhibición. En su solicitud de inhibición, Ida Service argumenta que el inciso (j) de la citada regla requería la inhibición de la juez del foro de primera instancia. En esencia, apunta que el manejo procesal del caso por parte del foro apelado -al desestimar el pleito en dos ocasiones; la primera, fundamentada en falta de legitimación activa y, la segunda, por incumplimiento con el plazo para diligenciar los emplazamientos- repercutió en sus derechos sustantivos y redundó en un agravio al debido proceso de ley que le asiste. Ida Service arguye que tales actuaciones por parte de la juez que preside los procedimientos ante el foro primario demostraron

---

[7] *Rivera v. Pepsico P.R., Inc.,* 148 DPR 586, 588 (1999).

un "tracto parcializado"[8] del caso y que, por ello, procede su inhibición.

La solicitud de recusación de Ida Service está juramentada. Para sustentar su planteamiento de que la juez del foro primario actuó con prejuicio y prejuzgó el caso, Ida Service explicó que la juez Isabel Padilla Zapata había desestimado el mismo reclamo en el caso LJ2022CV00002 por falta de legitimación activa. Ida Service compareció, por primera vez, ante este tribunal apelativo y éste, a su vez, desestimó el recurso por no cumplir con la notificación al Tribunal de Primera Instancia dentro de las 72 horas que señala la Regla 14 (B) del Reglamento del Tribunal de Apelaciones.[9]

Cuando Ida Service volvió a presentar el mismo reclamo el 31 de enero de 2023, en el caso LJ2023CV00021, nuevamente la Juez Padilla Zapata desestimó la causa de acción por falta de legitimación activa, esta vez, con perjuicio. Presentado el segundo recurso, este Foro dictó sentencia, el 8 de junio de 2023, mediante la cual revocó la decisión del TPI, restituyó la causa de acción y devolvió el caso al foro primario para la continuación de los procedimientos.[10]

Entonces, se genera la controversia sobre los emplazamientos y, la jueza Padilla Zapata, por tercera ocasión, desestimó la demanda por incumplimiento con la Regla 4.3 (c) de Procedimiento Civil, *supra.* Ida Service volvió a comparecer ante este foro apelativo intermedio. No obstante, el 26 de abril de 2024, este Tribunal desestimó el recurso por prematuro, por estar pendiente de resolverse ante el TPI una moción de reconsideración.[11]

Resuelta la reconsideración por el foro primario -en la que reiteró su decisión de desestimar la causa de acción por haberse incumplido con la Regla 4.3 (c) de Procedimiento Civil, *supra*- Ida

---

[8] *Apelación Civil,* pág. 21.
[9] *Supra,* nota al calce número 2.
[10] *Supra,* nota al calce número 1.
[11] *Supra,* nota al calce número 4.

Service comparece, por cuarta ocasión, ante este Tribunal de Apelaciones mediante el recurso que nos ocupa cuestionando dicha determinación y sobre la cual ya nos hemos expresado.

En efecto, la jueza Padilla Zapata ha desestimado el pleito, en su etapa procesal inicial, en tres ocasiones. Ida Service apoya su solicitud de inhibición en los Cánones 8 y 20 de Ética Judicial, 4 LPRA Ap. IV, basándose en las dudas que arroja la conducta judicial, debido a la insistencia en desestimar el pleito por razones que no encuentran apoyo alguno en derecho.

La solicitud de inhibición está fundamentada en hechos específicos que surgen de los varios expedientes judiciales que este caso ha generado en el foro de primera instancia y en este foro apelativo, los cuales permiten un análisis de los fundamentos en apoyo a la solicitud. Por tal razón, concluimos que el foro apelado erró y, la solicitud de inhibición, por cumplir con los requisitos reglamentarios, debe ser atendida por la Jueza Administradora del foro de primera instancia. Así pues, se cometió el cuarto señalamiento de error

**IV.**

Por los fundamentos que anteceden, se revoca la sentencia apelada, se restituye la demanda incoada por Ida Service y se ordena a la Jueza Administradora del Tribunal de Primera Instancia atender la solicitud de inhibición presentada por Ida Service Station, CRL. Se devuelve el caso al foro primario para la continuación de los procedimientos de forma compatible con lo aquí resuelto.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones